UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

        Plaintiff,

v.

ROBERT J. JONKER,
MICHIGAN UNEMPLOYMENT AGENCY,
HUNTINGTON BANK,
H&R BLOCK, INC,
CAPITAL CITY APARTMENTS, and
JUDITH CHAMPA,

        Defendants.
_____/

Case No. 1:23-cv-6

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Corey Blocker ("Blocker"). This matter is now before the Court on his application to proceed *in forma pauperis* (ECF No. 2).

### I.     Restricted filer status

Corey Blocker is a serial filer of frivolous lawsuits. Due to his abuse of the judicial process, Blocker is a restricted filer and his complaints are subject to screening. In *Blocker v. State of Michigan*, *et al.*, 1:21-cv-557, the Court addressed Blocker's history of filing frivolous lawsuits:

> This is the next installment in what has become a predictable pattern of frivolous litigation filed by plaintiff Corey Blocker. This is styled a Motion for Collateral Attack on an earlier decision of this Court. ECF No. 1, at PageID.1. It lists the case under collateral attack as 1:21-cv-476, but that must be a typo because that case has nothing to do with Corey Blocker.
>
> It is perhaps understandable that even Mr. Blocker has trouble keeping track of his filings because this is his seventh new filing in 2020 or 2021 that raises the same basic—and largely incomprehensible—complaint against various public officials, including Governor Whitmer and President Biden, and others, and ties in some way to pandemic masking requirements and unemployment. His prior

lawsuits on this topic have been dismissed by this Court as frivolous, or for lack of subject matter jurisdiction. A recent Sixth Circuit decision affirmed this Court's dismissal of one of these cases. *See* Sixth Circuit Case No. 21-1035 (July 1, 2021) (affirming dismissal in Case No. 20-cv-1260).

The new filing in this case adds nothing new or different. For the reasons articulated in the Court's Order of Dismissal in Case No. 1:21-cv-447, ECF No. 5, and the other five previous filings on the same theme, **the Court dismisses plaintiff Corey Blocker's new filing for failure to state a claim and for lack of subject matter jurisdiction. The Court again discerns no good faith basis for appeal**.

*Blocker*, 1:21-cv-557 (ECF No. 5, PageID.10-11) (July 6, 2021) (footnotes omitted) (emphasis in original).

For reasons discussed in the July 6th order, the Court placed Blocker on Restricted Filing status:

Accordingly, to deter future frivolous filings, and to avoid needless litigation burden on defendants, **the Court places plaintiff Corey Blocker on Restricted Filing status** and directs that **any Judicial Officer reviewing an application from Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2).** No defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response. **To facilitate effective screening, the Court directs that any future cases filed by plaintiff Corey Blocker be assigned to the undersigned under the related and cognate case rule of the Court.**

*Id*. at PageID.12-13 (emphasis in original).

In reaching this determination, the Court noted in the order that it was Blocker's seventh frivolous lawsuit filed in this Court. *Id*. at PageID.10, fn. 2.  In addition,

Mr. Blocker's history of frivolous federal litigation is not limited to this District. The docket of the Sixth Circuit lists six dismissals of appeals by Corey Blocker from decisions of the Middle District of Tennessee (Nashville). *See* Court of Appeals Case Nos. 18-6265; 18-6184; 14-5719; 13-5362; 10-5359; and 05-5441. The litigation pattern was similar, with Mr. Blocker filing a series of what he calls collateral attacks on his original loss.  This list of cases, appears to involve three separate matters: 1) loss of employment claims; 2) loss of a personal injury claim; and 3) a loss in estate litigation. Mr. Blocker appeared pro se in all matters.

*Id*. at PageID.12, fn. 5.  A review of the Court's electronic filing system identifies this matter as Blocker's 15th lawsuit filed since 2019.  The previous 14 lawsuits have been dismissed.

## II.     The Complaint

In the present lawsuit, Blocker has filed another single paragraph document entitled "ORIGINAL COMPLAINT", in which he sues Judge Robert J. Jonker, the Michigan Unemployment Agency, Huntington Bank, H&R Block, Inc., Capital City Apartments, and Judge Judith A. Champa.  Compl. (ECF No. 1).  Blocker has previously sued Judge Jonker and the Michigan Unemployment Agency.  Blocker's current complaint includes similar claims against these two defendants as well cryptic claims against the other defendants: Judge Jonker is corrupt; the Michigan Unemployment Agency denied Blocker's reimbursement for unemployment benefits; Judge Champa denied his right to reimbursement; Huntington Bank delayed Blocker's loan request and then denied it; H&R Block "ran" Blocker's business taxes as personal taxes "so Corey Blocker's taxes could be stolen by the Eaton County friend of the court illegally"; and, Capital City Apartments "falsely denied Corey Blocker's apartment application", retaliated against Blocker stating that he owes it $75.00, and is "in cahoots" with the other defendants. *Id*. at PageID.1-2. Blocker also threatens defendants and their relatives, alleging that their actions are "considered by law to be treason" and that "Corey Blocker demands that each defendant and all their heirs and relatives be held to the highest standard of law for treason which is death by hanging." *Id*. at PageID.2.

## III.     Discussion

Blocker's complaint is subject to review under the standard set by 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief

3

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under this standard,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Blocker's cryptic allegations fail to state any claim for relief that is plausible on its face. His complaint is nothing more than a collection of "unadorned, the - defendant - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Finally, Blocker's "demand" to hang defendants and their relatives for treason is an abuse of the judicial process and demonstrates his bad faith in filing yet another frivolous complaint.

### IV. Conclusion

Pursuant to this Court's order in *Blocker*, 1:21-cv-557 (ECF No. 5), Blocker's complaint filed in this lawsuit would not survive screening under the standards of 28 U.S.C. § 1915(e)(2).

### V. RECOMMENDATION

Accordingly, I respectfully recommend that Blocker's application for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED**.

I further recommend that the Court require Blocker to submit the **$402.00** filing fee within **28 days** after entry of the order denying the application.

I further recommend that this action be **DISMISSED** if Blocker fails to pay the filing fee as directed by the Court.

Dated:  January 6, 2023                                         /s/ Ray Kent
                                                                RAY KENT
                                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).